**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Magda Stankova, et al., | CIV. 12-8016-PCT-PGR |
| Plaintiffs, | **ORDER** |
| v. | |
| Metropolitan Property and Casualty Insurance Co., | |
| Defendant. | |

Before the Court are the parties' cross motions for summary judgment. (Docs. 18, 21.) The motions have been fully briefed.[1] For the reasons set forth herein, the Court grants Defendant's motion and denies Plaintiffs' motion.

**Background**

Plaintiffs' home near Alpine, Arizona, was consumed by a mudslide following a wildfire, known as the "Wallow Fire," in the summer of 2011. The fire began on May 29, 2011, and was contained on July 8. The fire consumed Plaintiff's detached garage on June 13. The residence was destroyed on August 6.

The garage and the residence were insured under a homeowners policy that provided coverage for "sudden and direct physical loss" caused by fire, but excluded coverage for loss caused by water damage or earth movement, including mudslides. Based on these provisions,

---

[1] The issues have been adequately briefed and the Court finds the motions suitable for decision without oral argument. *See* L.R.Civ. 7.2(f).

Defendant covered the loss of Plaintiffs' garage but denied coverage for the loss of the residence.

Plaintiffs filed a complaint in the Apache County Superior Court alleging breach of contract. Defendant removed the case on January 27, 2012. The issue before the Court on summary judgment is whether the water damage and earth movement exclusions are enforceable under Arizona law.

**Legal Standards**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment. The disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Interpretation of an insurance policy involves a question of law and is an appropriate issue for the Court to resolve on cross-motions for summary judgment. *See Keggi v. Northbrook Prop & Cas. Ins. Co.*, 13 P.3d 785, 788 (Ariz. Ct. App. 2000); *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998). Insurance policy provisions are to be construed in a manner consistent with their plain and ordinary meaning. *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1132 (1982).

In the absence of limiting language, an insured is entitled to recover if a covered event is the proximate cause of the loss, even though there are other contributing causes. *Koory v. W. Cas. & Sur. Co.*, 737 P.2d 384, 390 (1987) (en banc). However, an insurer "may lawfully exclude certain risks from the coverage of its policy, and where damage occurs . . . under

- 2 -

1 circumstances as to which the policy excludes coverage, there is no coverage." *Sec. Ins. Co.
2 *of Hartford v. Andersen*, 763 P.2d 246, 249 (1988) (en banc) (quoting *Pac. Indem. Co. v.
3 Kohlhase*, 455 P.2d 277, 279 (Ariz.Ct.App. 1969)). "Parties to an insurance agreement may
4 contract for any lawful coverage, and the insurer has a right to limit its liability by imposing
5 conditions and restrictions on its obligation, provided those restrictions are not inconsistent
6 with public policy." *Millar v. State Farm Fire and Cas. Co.*, 804 P.2d 822, 824–25 (Ariz. Ct.
7 App.1990)

Where an exclusion is narrow, specifically delineates what is and what is not covered, and unambiguous, the Court must apply the exclusion. *Sec. Ins. Co. of Hartford*, 763 P.2d at 249. Ambiguity in an exclusionary clause is construed against the insurer. *Millar*, 804 P.2d at 824. In determining whether there is such an ambiguity, the language of the contract should be examined from the viewpoint of one not trained in law or the insurance business. *Sparks*, 647 P.2d 1127. A court may not invent ambiguity to provide coverage where there is none. *Millar*, 804 P.2d at 824.

### Analysis

The homeowners policy at issue contains the following applicable provisions:

**COVERAGE A – DWELLING AND COVERAGE B – PRIVATE STRUCTURES**
We will pay for sudden and accidental direct physical loss or damage to the property described in coverages A and B, except as excluded in Section I – Losses We Do Not Cover.

**SECTION I – LOSSES WE DO NOT COVER**
1. We do not insure under any Section I coverage for any loss which would not have happened in the absence of one or more of the following excluded events. We do not insure for any such loss regardless of:
(a) the cause of the excluded event;
(b) other causes of the loss; or
(c) whether such causes acted at the same time or in any other sequence with the excluded event to produce or contribute to the loss.
These exclusions apply whether or not the excluded event results in widespread damage or affects a substantial area. The excluded events are listed below . . .

D. Water damage, meaning any loss caused by, resulting from, contributed to or aggravated by:

- 3 -

> 1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind . . .
>
> E. Earth Movement, meaning any loss caused by, resulting from, contributed to or aggravated by events that include, but are not limited to:
> 1. earthquake and earthquake aftershocks;
> 2. volcanic eruption and volcanic effusion;
> 3. sinkhole;
> 4. subsidence;
> 5. mudslide including landslide, mudflow, debris flow, avalanche or sediment;
> 6. erosion or excavation collapse;
> 7. the sinking, rising, shifting, expanding, bulging, cracking, settling or contracting of the earth, soil or land . . .
> This exclusion applies whether or not the earth movement is combined with water or caused by or results from human or animal forces or any act of nature.

(Doc. 19, Ex. 2.)

In its motion for summary judgment, Defendant contends that the policy language is unambiguous and that similar provisions have been enforced to exclude coverage in Arizona. (Doc. 21 at 6–7.) Defendant's argument relies on *Millar*. Millar's home was damaged when the soil beneath it collapsed due to water leakage from a broken sprinkler system. 804 P.2d at 823. Millar's insurance policy covered damage caused by water but excluded coverage for damage caused by earth movement. *Id.* at 824. The policy also contained the following "concurrent cause" exclusion:

> We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss . . .

*Id.*

Based on these provisions, the insurer agreed to pay to stabilize the land but refused to cover damage to the dwelling. *Id.* Millar brought suit alleging breach of contract and bad faith. *Id.* He asserted, among other arguments, that the earth movement exclusion was inapplicable because water leakage, not earth movement, was the "efficient proximate cause" of the damage to the house. *Id.*

The court disagreed. It found that the limiting language in the policy was valid and

- 4 -

enforceable. *Id.* at 826 (citing *Koory*, 737 P.2d 388); *see also State Farm Fire and Cas. Co. v. Bongen*, 925 P.2d 1042, 1047 (Alaska 1996); *Kula v. State Farm Fire and Cas. Co.*, 628 N.Y.S.2d 988, 991 (N.Y.App.Div. 1995); *Schroeder v. State Farm Fire and Cas. Co.*, 770 F.Supp. 558, 560–61 (D.Nev. 1991). The court further explained that Arizona had "never adopted the 'efficient proximate cause' rule." *Id.* Therefore, in Arizona "an insurer is permitted to limit its liability unless to do so would be inconsistent with public policy." *Id.*

Plaintiffs offer no persuasive basis upon which the Court can distinguish the holding in *Millar* from the issues here. Plaintiffs argue that the exclusions, in conjunction with the concurrent cause provision, are not enforceable because they conflict with the "strong public policy evinced" by the Arizona standard fire policy. (Doc. 25 at 3.) The Arizona standard fire policy is required by statute to comply with the New York standard fire policy, 1943 ed., *see* A.R.S. § 20-1503, which mandates coverage for "all direct loss by fire." Plaintiffs contend that the loss of their residence was directly caused by the Wallow Fire. They also contend that under Arizona law, "direct loss," as used in the standard fire policy, means a loss proximately caused by fire. (*Id.* at 4.)

The Court disagrees. The homeowners policy at issue here does cover direct loss by fire. Defendant therefore covered the loss of Plaintiffs' garage, which was directly consumed by the Wallow Fire. Plaintiffs' dwelling, however, was destroyed by mudslides almost a month after the Wallow Fire was contained.

Plaintiffs cite several cases to support the argument that they are entitled to coverage because the fire was a proximate—and therefore "direct"—cause of their loss. Factually, the closest parallel is *Howell v. State Farm Fire & Cas. Co.*, 218 Cal.App.3d 1446, 267 Cal.Rptr. 708 (1990). In *Howell*, a brush fire destroyed vegetation, and subsequent rain triggered a landslide that damaged the insured property. The policy contained earth movement and water damage exclusions, which the insurer applied, along with a concurrent cause provision, to deny coverage for the damage. The California Court of Appeal held that the exclusions were

- 5 -

contrary to California statutory law, which makes "the insurer liable whenever a covered peril is the 'efficient proximate cause' of the loss, regardless of other contributing causes." *Id.* at 1452, 267 Cal.Rptr. at 711 (citing Ins.Code, § 530).

While the facts of the cases are similar, *Howell* is not persuasive. Unlike California, Arizona does not have a statute mandating coverage for events that are the efficient proximate cause of a loss, and, as noted above, Arizona has not adopted the efficient proximate cause rule. *Millar*, 804 P.2d at 826.

Plaintiffs criticize Defendant for relying on *Millar* and other non-fire cases, insisting that the standard fire policy at issue here forbids exclusions for any direct, or proximate, loss from fire. Plaintiffs cite *Liristis v. American Family Mut. Ins. Co.*, 61 P.3d 22 (Ariz .Ct. App. 2002). *Liristis* involved a dispute over coverage for mold contamination that developed from water used to extinguish a fire in the plaintiffs' home. The homeowners policy excluded loss caused by mold. The trial court granted summary judgment in favor of the insurer.

In reversing, the Arizona Court of Appeals distinguished between mold damage caused by fire, a covered event, and losses caused by mold, which were excluded under the policy. *Id.* at 25–26. The court found that the mold damage was caused by the fire, and therefore the mold loss exclusion did not apply. *Id.*

*Liristis* does not support Plaintiffs' argument conflating direct and proximate cause stand; nor does it hold that a concurrent cause provision cannot be enforced in the circumstances of Plaintiffs' loss. There is no question that the destruction of Plaintiffs' residence was directly caused by water and earth movement, excluded events under the policy. In *Liristis*, by contrast, mold was the loss, not the cause of the loss, so the concurrent cause provision did not apply. *Liristis* does not hold that under the standard fire policy parties in Arizona cannot contract out of the efficient proximate cause doctrine. The holding is based on the court's characterization of the mold loss, not on the principle that the standard fire policy cannot be modified. The Court has located no authority for the proposition that the

- 6 -

efficient proximate cause doctrine is incorporated into Arizona's standard fire policy and cannot lawfully be subjected to a concurrent cause provision.

**Conclusion**

Where an exclusion is narrow, specifically, and unambiguous, the Court must apply the exclusion. *Sec. Ins. Co. of Hartford*, 763 P.2d at 249. As set forth in Plaintiffs' homeowners policy, the water damage and earth movement exclusions, together with the concurrent cause provision, are narrow, specific, and unambiguous. The efficient proximate cause doctrine does not exist in Arizona, nor is it mandated by the standard fire policy, so the parties were free to opt out of such coverage by way of the concurrent cause provision.

Accordingly,

IT IS HEREBY ORDERED granting Defendant's motion for summary judgment (Doc. 21).

IT IS FURTHER ORDERED denying Plaintiff's motion for summary judgment (Doc. 18).

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

DATED this 17th day of October, 2012.

Paul G. Rosenblatt
United States District Judge